1  Emily Harris, WSBA No. 35763
2  Michael A. Moore, WSBA No. 27047
3  Jocelyn J. Whiteley, WSBA No. 49780
   Attorneys for Plaintiff
4  CORR CRONIN LLP
   1001 Fourth Avenue, Suite 3900
5  Seattle, WA 98154-1051
6  Phone: (206) 625-8600

7

8              UNITED STATES DISTRICT COURT
               EASTERN DISTRICT OF WASHINGTON
9

10 INDUSTRIAL VENTILATION, INC.,
   an Idaho Corporation,                    No.
11
12                    Plaintiff,            **COMPLAINT**

13          v.                              <u>JURY DEMAND</u>

14
   CINCINNATI INSURANCE
15 COMPANY; KNIGHT SPECIALTY
   INSURANCE COMPANY;
16 NATIONAL FIRE & MARINE
17 INSURANCE COMPANY;
   NAVIGATORS INSURANCE
18 COMPANY; LLOYD'S SYNDICATE
19 3624; OLD REPUBLIC INSURANCE
   COMPANY; SCOTTSDALE
20 INSURANCE COMPANY;
21 TRAVELERS PROPERTY
   CASUALTY COMPANY OF
22 AMERICA; and UNITED SPECIALTY
23 INSURANCE COMPANY;

24                    Defendants.
25

COMPLAINT – 1

Plaintiff Industrial Ventilation, Inc. ("IVI"), by and through its attorneys, alleges as follows:

## I.    INTRODUCTION

1. This is an action for a declaratory judgment, brought pursuant to the Washington Uniform Declaratory Judgment Act, RCW Ch. 7.24 *et seq.*, Washington Insurance Fair Conduct Act, RCW 48.30, *et seq.*, and Washington Consumer Protection Act, RCW Ch. 19.86 *et seq.*, adjudicating the respective rights, duties, and obligations of the parties under the insurance policies described below, as well as additional relief set forth below.

## II.    PARTIES

2. Plaintiff IVI is an Idaho corporation that designs, manufactures, and sells ventilation technology and climate controlled crop storage systems. At all times relevant to the Complaint, IVI performed work in multiple locations in Washington State and maintained an office in Franklin County, Washington.

3. Defendant Cincinnati Insurance Company ("Cincinnati") is a corporation organized under the laws of the State of Ohio. Cincinnati is, and at all times relevant to the Complaint was, doing business in the State of Washington. Cincinnati issued primary liability policy no. CPP 3668394 (eff. 4/1/2013 to 6/5/2014) to IVI.

COMPLAINT – 2

**CORR CRONIN LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

4.      Defendant Knight Specialty Insurance Company ("Knight") is a corporation organized under the laws of the State of Delaware. Knight is, and at all times relevant to the Complaint was, doing business in the State of Washington. Knight issued primary liability policy nos. KSVENS151113701 (eff. 4/1/2015 to 4/1/2016); and KSVENS161159002 (eff. 4/1/2016 to 4/1/2017) to IVI.

5.      Defendant Lloyd's Syndicate 3624 ("Lloyd's") is an unincorporated association organized under the laws of the United Kingdom. Lloyd's is, and at all times relevant to the Complaint was, doing business in the State of Washington. Lloyd's issued primary liability policy no. MPL1533779.16 (eff. 4/1/2016 to 4/1/2017) to IVI.

6.      Defendant National Fire & Marine Insurance Company ("National Fire") is a corporation organized under the laws of the State of Nebraska. National Fire is, and at all times relevant to the Complaint was, doing business in the State of Washington. National Fire issued excess liability policy nos. 42-UMO-301231-01 (eff. 4/1/2015 to 4/1/2016); 42-UMO-301231-01 (eff. 4/1/2016 to 4/1/2017); 42-UMO-301231-03 (eff. 2/1/208 to 2/1/2019) to IVI.

7.      Defendant Navigators Insurance Company ("Navigators") is a corporation organized under the laws of Delaware. Navigators is, and at all times

COMPLAINT – 3

**CORR CRONIN LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

relevant to the Complaint was, doing business in the State of Washington. Navigators issued excess liability policy nos. SE12EXC600264IV (eff. 05/01/12 to 04/01/13); SE13EXC600264IV (eff. 04/01/13 to 04/01/14); and SE14EXC600264IV (eff. 04/01/14 to 04/01/15) to IVI.

8.  Defendant Old Republic Insurance Company ("Old Republic") is a corporation organized under the laws of the State of Pennsylvania. Old Republic is, and at all times relevant to the Complaint was, doing business in the State of Washington. Old Republic issued primary liability policy nos. MWZY 307335 (eff. 4/1/2016 to 4/1/2017); MWZY308972 (eff. 2/1/2017 to 2/1/2018); and MWZY311787 (eff. 2/1/2018 to 2/1/2019) to IVI.

9.  Defendant Scottsdale Insurance Company ("Scottsdale") is a corporation organized under the laws of the State of Ohio. Scottsdale is, and at all times relevant to the Complaint was, doing business in the State of Washington. Scottsdale issued primary liability policy no. BCS0027609 (eff. 5/1/2012 to 4/1/2013) to IVI.

10. Defendant Travelers Property Casualty Company of America ("Travelers") is a corporation organized under the laws of the State of Connecticut. Travelers is, and at all times relevant to the Complaint was, doing business in the State of Washington. Travelers issued primary liability policy nos.

COMPLAINT – 4

**Corr Cronin LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

PE630-6E795376-TIL-15 (eff. 04/01/2015 to 04/01/2016); and Y-630-6E795376-TIL-14 (eff. 6/5/2015 to 4/1/2015) to IVI.

11. Defendant United Specialty Insurance Company ("United") is a corporation organized under the laws of the State of Delaware. United is, and at all times relevant to the Complaint was, doing business in the State of Washington. United issued primary liability policy no. BTO1416711 (eff. 4/1/2014 to 4/1/2015) to IVI. [All of the insurance policies listed above and issued by a Defendant to IVI are collectively referred to herein as the "Policy" or "Policies."

### III. JURISDICTION AND VENUE

12. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff and the Defendants and the amount in controversy exceeds $75,000, exclusive of interest and costs. Further, this Court has jurisdiction to issue declaratory relief under 28 U.S.C. § 2201 and 2202.

13. All defendants have expressly submitted to the personal jurisdiction of the State of Washington by conducting business in Washington and issuing policies covering risks located in Washington. Venue is appropriate in this

COMPLAINT – 5

**Corr Cronin LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to this Complaint occurred in this District.

## IV.  FACTUAL ALLEGATIONS

A.  **The Underlying Lawsuit**

14.    IVI designs, manufactures, and sells root crop storage facilities and maintains an office in Pasco, Washington.  IVI delivers these storage facilities across a number of states in the U.S., including Washington State.

15.    On December 21, 2018, IVI was sued by AJ and Jodi Ochoa, Terra Gold Farms, Inc., A&C Land Company, LLC, and AJ Ochoa Corporation, in the Eastern District of Washington, Cause No. 2:18-CV-393 (the "Underlying Lawsuit").

16.    The plaintiffs are all Washington citizens who reside in, or have their principal places of business in, Othello, Washington.

17.    The plaintiffs in the Underlying Lawsuit allege that IVI defectively designed, manufactured, constructed, assembled, and maintained a storage facility in 2012 and another in 2015 for the Ochoas in Washington.

18.    Both facilities were constructed and maintained in Othello, Washington.

COMPLAINT – 6

**CORR CRONIN LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

19. The plaintiffs further allege that IVI inspected and attempted to fix both facilities at certain points in time in Othello, Washington.

20. The plaintiffs nevertheless allegedly suffered significant crop losses in Othello, Washington.

21. The plaintiffs asserted claims within this district under Washington law for: (1) negligence; (2) product liability; (3) Consumer Protection Act violations; (4) negligent and/or intentional misrepresentation; (5) breach of fiduciary duty/estoppel; (6) breach of contract; and (7) fraudulent concealment. Plaintiffs sought in excess of $25 million, a sum which would have significant and devastating effects on IVI. Plaintiffs also claimed interest, costs, and attorneys' fees.

**B.    IVI's Tower of Insurance and Defendants' Unreasonable Conduct**

22. The Policies required the Defendants to provide IVI with a defense and indemnity relative to the continuing and progressive losses alleged in the Underlying Lawsuit.

23. IVI initially reported the Underlying Lawsuit to Old Republic, who issued three consecutive primary liability policies covering the timeframe of 4/1/2016 to 2/1/2019.

COMPLAINT – 7

CORR CRONIN LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

24. Old Republic controlled IVI's defense for multiple years without a Reservation of Rights letter or any other indication it believed there was an alleged written limitation on its coverage obligation.

25. Once it became clear that plaintiffs in the Underlying Lawsuit sought damages in excess of Old Republic's limits, IVI tendered the Underlying Lawsuit to the other Defendants.

26. Despite the fact that plaintiffs eventually claimed damages well in excess of the combined limits available under *all* of the Policies, through a series of mediations and related negotiations, IVI's defense counsel secured reasonable settlement demands from plaintiffs within the Policies' collective limits.

27. At the time of that offer, trial was only weeks away. Moreover, plaintiffs' settlement offer had an initial deadline of October 5, 2021.

28. In recognition of the impending trial and the settlement deadline imposed by plaintiffs, IVI repeatedly requested that the Defendants fund a settlement within the policies' limits.

29. The Defendants had an obligation to place the interests of their insureds above their own financial interest and fund that proposed settlement in order to protect IVI from a potential verdict above limits.

COMPLAINT – 8

**CORR CRONIN LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

30. Despite that obligation and the Defendants' concession that coverage was owed, the Defendants raised a series of intra-insurer disputes that they relied upon in refusing to fund the proposed settlement.

31. For example, the insurers disagreed about whether: (a) the timing of the allegations in the Underlying Lawsuit triggered certain policies; and (b) the Underlying Lawsuit alleged one "occurrence" or two, with the primary insurers like Old Republic and Travelers taking the position that the Underlying Lawsuit alleged only a single occurrence (meaning that they had to pay the policy limit a single time) and the excess insurers taking the position that there were multiple occurrences such that the primary insurers had to pay limits multiple times before the excess insurers had any obligation to fund a settlement ("Occurrence Dispute").

32. Instead of funding the proposed settlement on IVI's behalf and reserving their rights to pursue indemnification or contribution from other insurers, the Defendant insurers asserted issues like the Occurrence Dispute to effectively create a catch-22 under which it became impossible to settle the Underlying Litigation.

33. In an effort to resolve these intra-insurer disputes within the deadline set by plaintiffs, IVI organized a second mediation between the insurers in the

COMPLAINT – 9

**CORR CRONIN LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

hopes that they would either resolve their issues or agree fund the settlement and reserve their rights against one another. Once again, however, the insurers continued to rely upon intra-insurer issues like the Occurrence Dispute as an excuse to avoid protecting their insureds and funding the potential settlement.

34. Defendants' conduct constitutes a violation of Washington law, including Washington's requirement that insurers (a) operate "with good faith and fair dealing," (b) refrain from "demonstrating a greater concern for its own monetary interests," (c) operate in "good faith to effectuate prompt, fair and equitable settlement of claims in which liability has become reasonably clear," and (d) "if two or more insurers share liability . . . arrange to make appropriate payment, [and] leave to themselves the burden of apportioning liability."

35. To date, the Defendants continue to refuse to tender sufficient funds to resolve the Underlying Litigation. Defendants' actions have harmed and will continue to harm IVI in an amount to be determined at trial.

36. IVI reserves the right to amend its Complaint to allege violations of Washington's Insurance Fair Conduct Act, RCW 48.30, *et. seq.*

COMPLAINT – 10

**CORR CRONIN LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

## V.   FIRST CAUSE OF ACTION
## DECLARATORY JUDGMENT

37.   IVI repeats and realleges paragraphs 1 through 36 as if fully set forth herein.

38.   By virtue of the conduct set forth above, Defendants failed to honor their obligations under the Policies.

39.   As a result of the Defendants' failure to honor their obligations under the Policies, an actual and justiciable controversy exists between IVI and Defendants as to Defendants' obligations under the Policies.

## VI.   SECOND CAUSE OF ACTION
## BREACH OF CONTRACT

40.   IVI repeats and realleges paragraphs 1 through 39 as if fully set forth herein.

41.   By virtue of the conduct set forth above, by unreasonably interpreting the Policies, refusing to act in good faith, failing to properly evaluate settlement or engage with IVI, and failing to indemnify IVI relative to the Underlying Lawsuit, the Defendants breached the obligations set forth therein.

42.   As a direct and proximate result of Defendants' breaches of the Policies, which is continuing to at least the date of this Complaint, Defendants

COMPLAINT – 11

**CORR CRONIN LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

have deprived IVI of the benefit of the insurance coverage for which it paid substantial premiums, damaging IVI in an amount to be proven at trial.

## VII. THIRD CAUSE OF ACTION
## ATTORNEY'S FEES

43.    IVI repeats and realleges the allegations contained in paragraphs 1 through 42 as if fully set forth herein.

43.    IVI, as the insured in a legal action to obtain the benefits under its insurance policies, is entitled to attorney's fees and costs associated with compelling Defendants to fulfill their contractual obligations thereunder.

## VIII. FOURTH CAUSE OF ACTION
## INSURANCE BAD FAITH

44.    IVI repeats and realleges the allegations contained in paragraphs 1 through 43 as if fully set forth herein.

45.    The conduct set forth above, including Defendants' collective failure to (a) reasonably investigate, interpret, apply, and honor the terms of the insurance Policies; (b) reasonably and timely evaluate settlement offers; and (c) place their insured's interests above their own by reserving any allocation issues that may exist, constitutes a violation of Washington's insurance regulations and is a breach of the Defendants' duty of good faith and fair dealing.

COMPLAINT – 12

**CORR CRONIN LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

46. Accordingly, IVI is entitled to damages, prejudgment interest, and attorney's fees from Defendants.

### IX.  FIFTH CAUSE OF ACTION
### VIOLATION OF THE WASHINGTON STATE
### CONSUMER PROTECTION ACT

47. IVI repeats and realleges the allegations contained in paragraphs 1 through 46 as if fully set forth herein.

48. By virtue of the conduct set forth above, Defendants have breached Washington's insurance regulations, a single violation of which constitutes a *per se* unfair trade practice under the Washington Consumer Protection Act, RCW 19.86 *et seq*.

49. Independent of the duties imposed by Washington's insurance regulations, Defendants' conduct otherwise constitutes an unfair and/or unlawful practice in trade or commerce.

50. IVI has suffered injury to its business or property as a result of Defendants' unfair or unlawful practices.

51. Accordingly, IVI is entitled to damages, treble damages, prejudgment interest, and attorney's fees from Defendants.

### X.  REQUEST FOR RELIEF

Plaintiff requests relief as follows:

COMPLAINT – 13

CORR CRONIN LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

A. For a judgment declaring that Defendants are obligated to defend and indemnify IVI relative to the Underlying Lawsuit under the terms of the Policies;

B. For a judgment declaring that Defendants are obligated to indemnify IVI for any judgment in the Underlying Lawsuit even if that judgment exceeds the Policies' limits due to their collective bad faith;

C. For other damages as may be proven at trial, including treble damages for the Defendants' violations of the Insurance Fair Conduct Act and the Consumer Protection Act;

D. For costs and attorney's fees;

E. For prejudgment interest; and

E. For such other and further relief as the Court may deem just and equitable.

COMPLAINT – 14

**CORR CRONIN LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

DATED this 7th day of October, 2021.

        *s/ Emily Harris*
        Emily Harris, WSBA No. 35763
        Michael A. Moore, WSBA No. 27047
        Jocelyn J. Whiteley, WSBA No. 49780
        Attorneys for Plaintiff
        CORR CRONIN LLP
        1001 Fourth Avenue, Suite 3900
        Seattle, WA 98154-1051
        (206) 625-8600 Phone
        (206) 625-0900 Fax
        eharris@corrcronin.com
        mmoore@corrcronin.com
        jwhiteley@corrcronin.com

COMPLAINT – 15

CORR CRONIN LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900